```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION


ROY DESHAN TAYLOR,                §
TDCJ-CID NO. 641287,              §
                                  §
           Petitioner,            §
                                  §
v.                                §    CIVIL ACTION NO. H-08-2133
                                  §
NATHANIEL QUARTERMAN,             §
                                  §
           Respondent.            §
```

### MEMORANDUM OPINION AND ORDER

Roy Deshan Taylor, a prisoner of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging the outcome of a TDCJ-CID disciplinary hearing.  This action will be dismissed because it is baseless.

### I.  Procedural History and Claims

Although not specified in his petition, available records indicate that Taylor is serving an eight-year sentence and two twenty-five-year sentences in TDCJ-CID pursuant to three convictions for possession of controlled substances.  See TDCJ-CID Website, http://www.tcdj.state.tx.us.  Taylor's habeas petition does not challenge the validity of any state court conviction.  Instead, the petition concerns a TDCJ-CID disciplinary proceeding.

Taylor was charged with failing to obey an order and threatening to inflict harm on an officer.  See Docket Entry No. 1 at 11-12. Taylor was placed in pre-hearing detention (PHD) before he was brought in front of a tribunal, which found him guilty of the charges and imposed 45 days of lost privileges; 15 days in solitary confinement; and retention at Line Class 3, TDCJ-CID's lowest time-earning classification.  See Docket Entry No. 1 at 5.

Taylor asserts that the charges were not supported by sufficient evidence.  He also argues that his rights were violated when he was placed in PHD for more than twelve hours without a proper medical evaluation to determine if such a placement would aggravate an existing medical or mental condition.  Id. at 7-8, 10. Taylor seeks an order remanding his case with instructions to prison officials to grant him credit regarding his eligibility for release under mandatory supervision.  See Docket Entry No. 2 at 3.

## II.  Analysis - No Actionable Punishment

Unlike a defendant in a criminal trial in state court, a convicted felon serving a sentence in a state correctional institution has limited rights.  Turner v. Johnson, 46 F.Supp.2d 655, 660 (S.D. Tex. 1999).  At the most, a prisoner has the right to (1) written notice of the charges against him twenty-four hours before his hearing; (2) a chance to call witnesses and present evidence in his behalf at the hearing before a fact-finder; and (3) a written statement from the fact-finder regarding his

conclusions and the reasons for the punishment imposed. Turner, 46 F.Supp.2d at 661, citing Wolff v. McDonnell, 94 S.Ct. 2963 (1974). A central issue in a federal action challenging a prison disciplinary proceeding is whether the petitioner actually lost good-time credits to the extent that it would affect the length of time he must serve in prison. See Hallmark v. Johnson, 118 F.3d 1073 (5th Cir. 1997). A prisoner's liberty interests are implicated only when the disciplinary measures taken against him inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Taylor admits that he did not lose any good time. The only punishments he suffered were a temporary forfeiture of privileges, a fifteen-day stay in solitary confinement, and a demotion in classification.

The temporary loss of privileges imposed on Taylor do not constitute a significant departure from the normal conditions of his confinement that would implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). They are not penalties that would be considered "the type of atypical, significant deprivation" that would be actionable. Id. See also Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). His fifteen-day stay in solitary confinement is not actionable because it is a temporary condition not subject to habeas review. Id.; see also Turner at 665-66.

Taylor's demotion in time-earning status, while ostensibly preventing him from earning good-time credits, does not establish a claim because he does not have a constitutionally cognizable "right" to a particular classification, and the effect of such action on his release date is too attenuated to be considered a deprivation of a liberty interest. Malchi, 211 F.3d at 959; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). See also Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) (losing the ability to accrue good-time credits does not inevitably affect the length of the sentence). Similarly, any adverse effects the disciplinary action may have had on Taylor's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Taylor has not complained of a disciplinary sanction that can be remedied by this court in a habeas proceeding. Id.; see also Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

Federal courts are authorized to dismiss federal habeas petitions without ordering a response when it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Taylor's habeas petition will be dismissed as

frivolous because it lacks an arguable legal basis.  See McDonald v. Johnson, 139 F.3d 1056, 1060 (5th Cir. 1998); Newby v. Johnson, 81 F.3d 567, 568-69 (5th Cir. 1996).

The court **DENIES** issuance of a certificate of appealability in this action.  For the reasons stated in this Memorandum Opinion and Order, the petitioner has failed to demonstrate that the issues are subject to debate among jurists of reason.  See Newby, 81 F.3d at 569, citing Barefoot v. Estelle, 103 S.Ct. 3383, 3394-95 (1983).

### III.  Conclusion

The court **ORDERS** the following:

1. Petitioner, Roy Deshan Taylor's, Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. A certificate of appealability is **DENIED**.

3. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED.**

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the Petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 15th day of July, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE